OPINION *Page 2 
{¶ 1} Appellant Richard Pleasant appeals his conviction, in the Stark County Court of Common Pleas, on one count of menacing by stalking. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and Rickeeta Richardson, the victim in this case, began a romantic relationship in 2004. The relationship was turbulent and resulted in more than a dozen domestic disturbances and police calls during the subsequent two years.
 {¶ 3} On August 3, 2006, Richardson reported that appellant had forcibly taken forty dollars from her, cutting her in the chest, neck and face with a razor knife in the process. A charge of aggravated robbery, R.C. 2911.01, was filed and an arrest warrant was issued for appellant the next day.
 {¶ 4} On August 6, 2006, at about 1:45 AM, appellant came to Richardson's apartment and attempted to climb through a bathroom window. Richardson saw something in appellant's hand, which she identified as a stun gun found later on the ground near the window. When appellant called out to her mother, who was temporarily staying at the residence, appellant fled. This led to the filing of a second charge, burglary, in violation of R.C. 2911.12 (A)(3).
 {¶ 5} Appellant was arrested on August 7, 2006. On September 15, 2006, appellant was indicted on one count of aggravated robbery, one count of felonious assault, one count of attempt to commit an offense (burglary), and one count of menacing by stalking.
 {¶ 6} Following a jury trial, appellant was acquitted of aggravated robbery, felonious assault and attempted burglary, but was found guilty of one count of menacing *Page 3 
by stalking. The jury made two special findings: (1) that appellant had a history of violence toward Richardson, and (2) that he had a history of violent acts against Richardson. These findings elevated the menacing by stalking offense to a felony of the fourth degree. Appellant was sentenced, via judgment entry on October 31, 2006, to sixteen months in prison.
 {¶ 7} On November 17, 2006, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 8} "I. THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY OF MENACING BY STALKING AND HIS CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 9} "II. THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE WHEN IT ALLOWED THE STATE OF OHIO TO INTRODUCE EVIDENCE OF PREVIOS (SIC) INSTANCES OF VIOLENT BEHAVIOR TO PROVE THE `HISTORY OF VIOLENCE' ELEMENT OF APPELLANT'S MENACING BY STALKING OFFENSE."
 I. {¶ 10} In his First Assignment of Error, appellant maintains his conviction for menacing by stalking was against the sufficiency and manifest weight of the evidence. We disagree.
 Sufficiency Claim {¶ 11} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the *Page 4 
essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 12} R.C. 2903.211, menacing by stalking, reads: "(A)(1) No person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
 {¶ 13} Appellant specifically argues that the record does not support a conclusion that he caused the victim, Rickeeta Richardson, mental distress over the time period contained in the indictment, namely November 2, 2004 to August 6, 2006. For example, he notes the victim admitted that appellant often spent the night at her residence, and that the two would see each other every day and periodically run errands together. See Tr. at 108. Appellant asserts that the only testimony by appellant as to fear of appellant is after the alleged robbery of August 3, 2006, for which the jury did not reach a guilty verdict.
 {¶ 14} The State nonetheless presented evidence from the Canton Police Department at trial that Richardson made four "general trouble calls" concerning appellant in 2004, commencing on August 23rd of that year. In 2005, Richardson made six similar general trouble calls, three menacing/harassment calls, and one breaking and entering call, all regarding appellant. In 2006, the tally was one general trouble call and one disturbance call. Richardson recalled at trial that appellant once struck her hard enough to injure her eardrum (Tr. at 138), and, contrary to appellant's above assertion, Richardson stated she was afraid of appellant when he drank and "when he's violent." *Page 5 
Tr. at 136. Richardson's mother, Maxine, further indicated that Richardson was "afraid" following the razor incident. Tr. at 83.
 {¶ 15} R.C. 2903.211(D)(1) defines a pattern of conduct as two or more actions or incidents closely related in time, "whether or not there has been a prior conviction based on any of those actions or incidents." Upon review, viewing the evidence in a light most favorable to the prosecution, we find a reasonable trier of fact could have found the essential elements of menacing by stalking beyond a reasonable doubt, regardless of the absence of convictions as to the remaining counts in the underlying indictment.
 Manifest Weight Claim {¶ 16} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. See, also, State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717.
 {¶ 17} Appellant again points out the lack of guilty verdicts on the three other counts in the indictment, suggesting that Richardson's overall credibility with the jurors was dubious. However, this does not convince us that the jury lost its way in sifting through the various charges and testimony. As we have often emphasized, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of *Page 6 
witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. In light of the history of the police calls, Richardson's remaining testimony, and the testimony of Richardson's mother, we are unpersuaded by appellant's contention that the jury's verdict led to a manifest miscarriage of justice. We hold the jury's verdict was not against the manifest weight of the evidence.
 {¶ 18} Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 19} In his Second Assignment of Error, appellant contends the trial court erred in admitting evidence pertaining to the "history of violence" element of R.C. 2903.211(B)(2)(e). We disagree.
 {¶ 20} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,180, 31 OBR 375, 510 N.E.2d 343. As a general rule, all relevant evidence is admissible. Evid.R. 402. Our task is to look at the totality of the circumstances in the particular case and determine whether the trial court acted unreasonably, arbitrarily, or unconscionably in allowing the disputed evidence. See State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027.
 {¶ 21} Evid.R. 403(A) states as follows: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." In addition, Evid.R. 404(A) provides, with certain exceptions, that evidence of a person's character is not admissible to prove the person acted in conformity with that character. Evid.R. 404(B) sets forth an exception to the general rule against admitting evidence of a person's other bad acts. The Rule states as follows: "Evidence of other crimes, wrongs, or acts is *Page 7 
not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 22} Ohio's menacing by stalking statute requires the State to prove in cases such as this that the defendant engaged in a pattern of conduct. In the case sub judice, appellant's prior acts of violence toward Richardson are inextricably related to the allegation of menacing by stalking because they indeed form the foundation of "engaging in a pattern of conduct." Furthermore, juries are presumed to follow and obey the limiting instructions given them by the trial court. State v.DeMastry, 155 Ohio App.3d 110, 127, 799 N.E.2d 229, 2003-Ohio-5588, citing State v. Franklin (1991), 62 Ohio St.3d 118, 127, 580 N.E.2d 1. Here, the trial court also instructed the jury that such information could be used only in consideration of the menacing by stalking charge. Tr. at 100.
 {¶ 23} We find no abuse of discretion in this case in the allowance of evidence of appellant's prior acts against Richardson. Appellant's Second Assignment of Error is therefore overruled. *Page 8 
 {¶ 24} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
 Wise, J. Farmer, P. J., and Edwards, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to appellant. *Page 1